## THE STATE *v.* FEARS, sheriff, *et al.*

Under the facts of the present case, the trial judge did not abuse his discretion in refusing the injunction.

Argued November 1, 2, — Decided November 29, 1897.

Petition for injunction. Before Judge Hart. Morgan county. September 3, 1897.

For the former report of this case see 102 *Ga.* 274. On August 14, 1897, the court below passed an order to the effect that, the judgment granting an injunction in the case having been reversed by the Supreme Court, and the evidence in the case and the argument of counsel having been heard and considered at the time of granting the injunction, the injunction prayed for is refused. On August 20, 1897, the plaintiff filed an amendment to the petition, alleging that, since the rendition of the judgment by the Supreme Court in this case, the defendants have been advertising a sale of the stock of liquors mentioned in the original petition, to commence on a designated

date, at a house on a public street in the city of Madison, and to continue from day to day; and unless restrained they will commence the sale and continue it from day to day, and week to week, by retail and in small quantities, thus greatly corrupting the morals of the people and interfering with the peace and good order of society. Defendants are proceeding with said sale without authority of law, having obtained no order of the court authorizing the sale to begin on the day mentioned and to continue from day to day as advertised. The effect of the decision of the Supreme Court is to give the parties a rehearing before the superior court upon the issues of fact presented by the pleadings, which rehearing plaintiff has never had. Plaintiff has just been informed that the court has granted an order refusing the injunction prayed for, but plaintiff has had no notice of an intention to apply for such an order, and has never had its day in court thereon. Plaintiff stands upon each and all of the allegations in the original petition, except such as charge a judicial sale of liquors by the sheriff to be unlawful per se. Plaintiff prays that the sale be enjoined, and in the event it should be determined that the sale should not be absolutely enjoined, that the court, by its order, direct and regulate the manner in which the sale shall be conducted, and at least restrain the same from proceeding from day to day. Plaintiff further alleged that the bulk of the liquors is in barrels, and it is the purpose of the defendants to draw the same from the barrels and sell them in bottles, that such a sale would probably continue for weeks, and is not necessary for the protection of the rights of the mortgagor or the mortgagee, and that a sale could readily, without injury to either party, be had in such quantities as to dispose of the entire stock in one day. Defendant Chambers has obtained from the ordinary an order for the sale of said liquors from day to day without restriction, in some suitable place in the city of Madison, after ten days advertisement. The mortgage in question was given for the purpose of bringing about such a sale in a prohibition county. A further amendment sets forth the quantity of liquors stored (in all about 1,800 gallons of the value of $3,000), with an inventory thereof, the number of barrels, half-barrels, and bottles

of liquor, the large number of empty bottles and jugs, etc. A large quantity of said liquors were concealed and could not be seen without a close inspection of the storeroom and without removing articles that concealed them; and plaintiff ascertained these facts only the day before the last hearing. This property has been in the custody of defendants since the filing of the original petition. It is their purpose to sell all of said liquors by retail, to draw off the same from the barrels into the bottles, and thus to protract the sale for days and weeks. This quantity of liquors was an unnecessary and unreasonable amount to be left on hand at the expiration of defendant's license. The mortgage under which the proposed sale is to occur was not executed until April 13, 1897; and said liquors were accumulated soon after the mortgage was given, and for the precise purpose of bringing about a sale of such liquors at retail in a prohibition county after the expiration of defendant's license on April 29, 1897.

Defendant demurred generally; and answered, denying the allegations as to collusion to evade the law, and as to a purpose to sell the liquors otherwise than in a strictly legal and proper manner; alleging that the sheriff was proceeding to sell under the mortgage fi. fa., after legal advertisement of the sale to take place on the first Tuesday in October, 1897, at the storehouse of defendant Cochran in Madison, and to continue from day to day until the property under levy, or a sufficiency of it to satisfy the fi. fa., shall have been sold; and contending that the issues involved were res judicata.

After the hearing of evidence (which need not be reported), the court refused an injunction, and declined to direct the sheriff as to the manner in which he should conduct the sale.

*H. G. Lewis,* solicitor-general, *H. T. Lewis* and *E. H. George,* for plaintiff. *Foster & Butler,* for defendants.

SIMMONS, C. J.   When this case was here before, the court ruled the law which, in its opinion, ought to control in the final disposition of the case. The main question then argued was as to the legality of a sheriff's sale of intoxicating liquors in a prohibition county. That question was decided, and also

other questions made in the pleadings, as will be seen by reference to the opinion of Mr. Justice Little (102 *Ga.* 274). The judgment of the court below was reversed and the case sent back for a rehearing upon the facts. When it again came before the trial judge, upon substantially the same state of facts as before, he refused the injunction and declined to direct the sheriff as to the manner in which he should conduct the sale.

As to the refusal of the injunction, we think, from the facts disclosed by the record, that the judge did not abuse his discretion. As to his declining to direct the sheriff as to the mode and manner of conducting the sale, we also think that the judge committed no, error. In the former decision of the case, while it was ruled that "The court has always the power in judicial sales to regulate the manner of such sales; and in execution sales, also the power, for fraud, mistake, or irregularity, to control and even set them aside in its legal discretion," the court did not rule that it is the duty of the judge to direct the sheriff in the manner of his sales, unless some complaint is made, after the sale has commenced, of fraud, mistake, or irregularity. The court did not at all intend to put upon the judge the duties of the sheriff as to the direction of the mode and manner of conducting sheriff's sales. The manner of conducting execution sales is by law placed in the discretion of the sheriff, and until he abuses that discretion the court has, ordinarily, no right or power to interfere. Of course, as said by Mr. Justice Little in his opinion, if it should appear that the sheriff is guilty of any fraud, irregularity, or error in making the sale, the judge would be authorized, upon proper proceedings instituted for that purpose, to prevent it. So if the sheriff was in collusion with the plaintiff and defendant for the purpose of making an illegal sale, or a sale which would amount to a public nuisance, the judge would be authorized to prevent it. These questions were all presented to the judge; he passed upon them in the light of the evidence before him, and he declined to direct the sheriff as to the manner of the sale. He must have thereby found from the evidence that the sheriff was not in collusion with the parties, and that he did not intend to perpetrate any fraud on the public in exposing

the liquor for sale, but intended to conduct the sale fairly and according to law. The judge's knowledge of the witnesses and of the character of the sheriff was better than ours; and we can not, therefore, interfere with his discretion in the matter. Of course, after the sale has begun, if another application be made to the court, and it be shown that the sheriff is conducting the sale illegally, the court will be authorized to interfere and to prevent it.

*Judgment affirmed. All the Justices concurring.*